## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

RAIMOND AGOSTO,
      Plaintiff,

      v.

OSBORN CORRECTIONAL
INSTITUTION,
      Defendant.

No. 3:24-cv-1197 (SRU)

## RULING ON MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Ordinarily, a plaintiff who files a civil complaint must pay filing and administrative fees totaling $405. *See* 28 U.S.C. § 1914. The plaintiff, Raimond Agosto, is an inmate at the Bridgeport Correctional Center. He has applied for leave to proceed *in forma pauperis* ("IFP"). Proceeding IFP would allow Agosto to pursue his case without prepaying the $405 filing fee. For the following reasons, his motion is **denied**.

A federal law allows inmates to commence civil actions without pre-paying the filing fee when, among other requirements, they submit affidavits showing that they are "unable to pay." 28 U.S.C. § 1915. Inmates seeking IFP status must show that the burden of prepaying the filing fee would force them to forgo "the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co*., 335 U.S. 331, 339 (1948). In applying the "necessities of life" standard in the prison context, courts take note of the fact that many of a prisoner's necessities are provided to him by the government. As the Second Circuit has explained, "what constitutes the 'necessities of life' that must be purchased is obviously different for prisoners, most of whose necessities are paid for by the jurisdiction that incarcerates them." *In re Epps*, 888 F.2d 964, 967 (2d Cir. 1989). But they

1

nevertheless "maintain their own, often complex, economic lives," and so the Court must consider all of their obligations when determining if they are able to prepay the filing fee. *Rosa v. Doe*, 86 F.4th 1001, 1009 (2d Cir. 2023). Paying the fee should not leave them "wholly destitute," and they should not be forced to "last dollar they have or can get" to proceed with their claims. *Adkins*, 335 U.S. at 339.

The statute requires that prisoners who request leave to proceed IFP submit "an affidavit that includes a statement of all assets" they possess and "a certified copy of the trust fund account statement . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a). With that information, the Court determines whether each applicant qualifies for IFP status.

When a prisoner's inmate trust account balance is lower than the filing fee, courts often grant leave to proceed IFP. In *Simmons v. Torres*, for example, an inmate filed a petition for a writ of habeas corpus, which ordinarily requires a $5.00 filing fee. No. 3:07-cv-1409 (VLB), 2007 WL 3171356, at *1 (D. Conn. Oct. 26, 2007). Because he "provided a copy of his inmate account statement reflecting a spendable balance of $0.43," District Judge Vanessa Bryant granted his motion to proceed IFP. *Id.*

However, in deciding a motion for leave to proceed *in forma pauperis*, courts consider assets other than the plaintiff's "immediate financial resources." *Anthes v. Nelson*, 2017 U.S. Dist. LEXIS 238146 (S.D.N.Y. Apr. 27, 2017). That includes financial resources that come from external sources such as friends or family. *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("[A] court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a

spouse, parent, adult sibling or other next friend.'") (quoting *Williams v. Spencer*, 455 F. Supp. 205, 208-09 (D.M.D. 1978)).

Agosto has access to money from sources other than his inmate trust account. In his affidavit in support of his IFP motion, he claims that he received $944.00 in disability payments over the past twelve months. *See* Doc. No. 2. He also claims that his "monthly wages" are $944.00. *Id.* He does not state that he pays for any necessities or that he supports any dependents. *Id.* His trust account statement reveals that he received two deposits of $250.00 and $270.00 each during June 2024. *See* Doc. No. 4. That money presumably came from another bank account into which his disability payments are deposited. Mr. Agosto therefore has access to financial resources that would enable him to pay the filing and administrative fees.

For the foregoing reasons, Agosto's IFP motion is **DENIED**.

All further proceedings in this matter shall be held in abeyance for **twenty (21) days** pending Agosoto's delivery of the filing fee in the amount of $405 (money order or bank check made payable to the Clerk of Court) to the Clerk's Office, 915 Lafayette Boulevard, Bridgeport, CT 06604. If Agosto fails to submit the filing fee within twenty-one days of this Order, **his case will be dismissed without prejudice** to refiling once he is able to pay the fee.

So ordered.

Dated at Bridgeport, Connecticut, this 15th day of November 2024.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge